CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/31/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

GEBO CERMEX USA, INC., *ET AL.*,

*Plaintiffs*,

v.

ALLIANCE INDUSTRIAL CORP.,

*Defendant.*

CASE NO. 6:18-cv-00080

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court upon Defendant Alliance Industrial Corp.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 21). Plaintiffs Gebo Cermex USA, Gebo Cermex Canada, and Gebo Packing Solutions France ("Gebo Cermex" or "Gebo") manufacture and sell low pressure dynamic accumulation tables to customers that manufacture food packaging products. Gebo Cermex has filed suit against Alliance Industrial Corp. ("Alliance") for allegedly infringing on Gebo's patent for a low pressure accumulation table. Alliance moves to dismiss under Rule 12(b)(6), arguing that Gebo's patent claims are facially indefinite, and thus invalid, because they recite both an apparatus and a method of using the apparatus. Because dismissal on indefiniteness grounds would be premature prior to claim construction, the Court will deny the motion to dismiss.

## I.    LEGAL STANDARD

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim; it "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court must take all facts and reasonable inferences in favor of the plaintiff, disregard any legal conclusions, and not

credit any formulaic recitations of the elements. *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

## II.  FACTS AS ALLEGED

Plaintiffs Gebo Cermex USA, Gebo Canada, and Gebo France are part of the Tetra Laval Industry Group, a "leading industrial conglomerate[] for the design, development, manufacture, and sale of efficient production, processing, packaging, and distribution of food and accessories." (Dkt. 1 ("Complaint") ¶ 4).  Tetra Laval Industry Group "has secured numerous patents that cover its innovations for the manufacturing of food packaging products."  (*Id*. ¶ 6).  On January 2, 2001, U.S. Patent No. 6,168,005 ("'005 Patent") was issued to Gebo France, titled "Low Pressure Dynamic Accumulation Table."  (*Id*. ¶¶ 14, 21).  The accumulation table conveys products such as cans or bottles from one production machine to another.  Gebo USA and Gebo Canada both sell low pressure accumulation tables encompassed by the '005 Patent "under co-exclusive license from Gebo France."  (*Id*. ¶ 9).  The '005 Patent contains 18 claims.  (Dkt. 1-1 at 11).  Claim 1 of the '005 Patent appears to be the only independent claim, and claims 2–18 all appear to depend on Claim 1.  (*Id*.).

In Count One of the complaint, Gebo alleges that Alliance Industrial Corp., a Virginia corporation, "makes, uses, sells, offers for sale, and/or imports in the United States Accused Products that are encompassed" by certain claims of the '005 Patent, in violation of 35 U.S.C. § 271. (Complaint ¶ 16).  Specifically, Gebo contends that Alliance infringes on "at least claims 1, 2, and 17 of the '005 Patent."  (*Id*. ¶ 17).

In Count Two of the complaint, Gebo alleges that Alliance's patent infringement was willful "based on its knowledge of the '005 Patent and its subsequent conduct over the last eleven (11) years."  (*Id*. ¶ 50).  Gebo alleges that it notified Alliance of the '005 Patent in April

2007, and that Alliance "responded to Gebo, admitting that it had reviewed the '005 Patent." (*Id*. ¶¶ 51–52). The parties also had contact via letter in June 2010, when "Gebo updated Alliance about the conclusion of previous litigation[] involving [the] '005 Patent," requested a "commitment" that no products covered by the '005 Patent "are being manufactured or sold at present, and will not be manufactured or sold until after expiration of the '005 Patent," and requested an "accounting of accumulation tables sold by Alliance in the past." (*Id*. ¶ 58). The complaint includes no allegations about how Alliance responded to this June 2010 letter. Gebo contends that it is entitled to recover treble damages and attorneys' fees as a result of Alliance's willful patent infringement. (*Id*. ¶ 59).

### III. ANALYSIS

Alliance presents one argument in support of its motion to dismiss under Rule 12(b)(6), namely that Gebo's patent claims "are invalid as indefinite on their face" because they "recite both an apparatus and a method of using the apparatus." (Dkt. 21 at 1). Specifically, Alliance contends that two claims in the '005 Patent are indefinite because they "require using the apparatus at specific speeds" and "using the apparatus to convey products." (*Id*. at 7).

Patents are presumed valid. *See* 35 U.S.C. § 282(a). "A patent is invalid for indefiniteness if its claims . . . fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). "A single patent may include claims directed to one or more classes of patentable subject matter, but no single claim may cover more than one subject matter class." *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367, 1374 (Fed. Cir. 2008). *See also* 35 U.S.C. § 112(b) (requiring that a patent include "one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor . . .

regards as the invention"). When a claim in a patent covers "both an apparatus and a method of use of that apparatus," the claim will be invalid as indefinite if its coverage of both an apparatus and a use method creates ambiguity "as to when the mixed subject matter claim would be infringed." *Microprocessor Enhancement Corp.*, 520 F.3d at 1374. *See also IPXL Holdings, LLC v. Amazon.com, Inc.,* 430 F.3d 1377, 1384 (Fed. Cir. 2005) (finding a claim indefinite for covering both an apparatus and a method of using that apparatus where it was "unclear whether infringement of [the claim] occur[ed] when one creates a system that allows the user to [practice the claimed method step], or . . . when the user actually [performs the method step]").

Although "the use of functional language in a claim may fail to provide a clear-cut indication of the scope of subject matter embraced by the claim and thus can be indefinite," apparatus claims "are not necessarily indefinite for using functional language." *Microprocessor Enhancement Corp.*, 520 F.3d at 1375 (internal quotations and citations omitted). "Indeed, functional language in a means-plus-function format is explicitly authorized by" 35 U.S.C. § 112(f). *Id*. The chief question is whether the use of functional language leaves "unclear . . . when infringement would occur." *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1336 (Fed. Cir. 2014). Functional language that is directed only to a "functional capability" or "system capabilities" of the apparatus in question generally does not "create confusion as to when direct infringement occurs," but functional language that is "directed both to systems and to actions performed by [users]" may create sufficient confusion about when infringement occurs as to warrant invalidation on indefiniteness grounds. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011).

Alliance argues that dismissal for indefiniteness is warranted here because although Gebo's claims "recite an apparatus in the preamble and in some of the elements" for a "low

pressure accumulation table," the claims "also contain elements that require a method of using the recited apparatus." (Dkt. 21 at 7). Alliance points to two such alleged instances. First, Alliance highlights the following italicized language in claim 1 of the '005 Patent:

> At least two accumulation conveyors mounted to said frame; said at least one feed conveyor and said at least two accumulation conveyors defining an accumulation surface; *said at least two accumulation conveyors having a variable accumulation conveying speed that is slower than said predetermined feed conveying speed.* . . .

(*Id*.; dkt. 1-1 at 11). Alliance contends that this language "recites a method of using the apparatus because it requires using the apparatus with the accumulation conveyors at a speed that is slower than the feed conveyor." (Dkt. 21 at 7.). Second, Alliance points to additional language in claim 1, italicized below:

> Wherein (a) said at least one feed conveyor and said at least two accumulation conveyors are so mounted side by side that said at least one feed conveyor alternate with said at least two accumulation conveyors; and (b) *said at least two accumulation conveyors, when energized, convey the products from said accumulation surface towards said outlet at a rate which is a function of the variable accumulation conveying speed of said at least two accumulation conveyors.*

(*Id*. at 9; dkt. 1-1 at 11). Here again, Alliance argues that this language "requires using the apparatus to energize the accumulation conveyors and convey products." (Dkt. 21 at 9). Overall, Alliance contends, these two instances of functional language "create[] confusion as to whether there can be infringement by merely making the apparatus or whether there is only infringement through use of the apparatus." (*Id*.). Accordingly, Alliance argues that the claims must be dismissed as indefinite.

In addition to substantively disputing that these claims are indefinite, Gebo contends that it would be premature to dismiss the case on indefiniteness grounds at the Rule 12(b)(6) stage,

since claim construction and a *Markman* hearing have not yet taken place.[1] (Dkt. 27 at 9). Gebo points to several district court opinions declining to reach indefiniteness issues prior to claim construction. (*Id.* at 9–10). In response, Alliance argues that the "Federal Circuit has routinely affirmed dismissals under Rule 12(b)(6) for invalidity and non-infringement," and notes one Northern District of Ohio decision that reached a defendant's indefiniteness arguments on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). (Dkt. 33 at 2–4). *See WAGO Verwaltungsgesellschaft mbH v. Rockwell Automation,* No. 11-cv-00756, 2012 WL 775683, at *4–5 (N.D. Oh. Mar. 7, 2012).

The Court concludes that it would be premature to reach Gebo's indefiniteness arguments at this early stage. District courts routinely await decision of indefiniteness arguments until after a *Markman* hearing and claim construction. *See, e.g., Lecat's Ventriloscope v. MT Tool & Mfg.,* No. 16-cv-5298, 2017 WL 1362036, at *7, n.6 (N.D. Ill. Jan. 6, 2017) (holding at the Rule 12(b)(6) stage that "because the issue of whether a patent claim is indefinite is closely intertwined with claim construction . . . which has not yet occurred in this case, addressing Defendant's indefiniteness argument would be premature," and collecting cases holding the same); *Audio MPEG, Inc. HP Inc. v. Societa Italiana Per Lo Sviluppo Dell' Elettronica Spa*, No. 2:15-cv-00073, 2016 WL 7010947, at *8 (E.D. Va. July 1, 2016) ("Although some courts have dismissed claims as indefinite at the motion to dismiss stage . . . the Court finds that the more prudent approach is to address indefiniteness either during or after the *Markman* hearing."). One

---

[1] A *Markman* hearing is "a hearing to construe the claims pursuant" to *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd,* 517 U.S. 370 (1996). *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1328 (Fed. Cir. 2007). In *Markman,* the Federal Circuit held that the interpretation and construction of patent claim terms is a matter of law to be decided by the court, not the jury, on the basis of "[t]he claims, the specification, and the prosecution history," as well as expert testimony and extrinsic evidence where appropriate. *See Markman*, 52 F.3d at 979–81.

of the few district courts to dismiss claims as indefinite at the Rule 12(b)(6) stage did so in large part because the parties had already "fully briefed their positions on the disputed claim terms pursuant to" *Markman*, and the court had already heard "[e]xtensive oral argument" on the "claim term disputes." *In re TLI Commc'ns LLC Patent Litig.*, 87 F.Supp.3d 773, 782 (E.D. Va. 2015). Moreover, most of the decisions Alliance cites in favor of finding Gebo's claims indefinite were not decided at the Rule 12(b)(6) stage.[2]

Given the settled practice among district courts of awaiting determination of indefiniteness arguments until after a *Markman* hearing and claim construction, the Court will deny Alliance's motion to dismiss as premature at the Rule 12(b)(6) stage. Claim construction has not yet occurred, a *Markman* hearing has not yet been held, and the Federal Circuit has observed that analysis under 35 U.S.C. § 112(b)—from which the definiteness requirement stems—"is inextricably intertwined with claim construction." *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1379 (Fed. Cir. 1999). Moreover, unlike in *TLI Commc'ns*, 87 F.Supp.3d at 782, the parties here have not "fully briefed their positions on the disputed claim terms," and the Court has not already "heard extensive oral argument" on claim construction. Accordingly, the Court will deny Alliance's motion to dismiss on indefiniteness grounds.

---

[2]    *See, e.g., Rembrandt Data Techs., LP v. AOL, LLC,* 641 F.3d 1331, 1400 (Fed. Cir. 2011) (indefiniteness arguments decided at summary judgment stage); *H-W Tech., L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1335–36 (Fed. Cir. 2014) (same); *In re Katz*, 639 F.3d at 1318 (same); *IPXL Holdings, LLC*, 430 F.3d at 1383–84 (same). *See also WAGO*, 2012 WL, at *4–5 (deciding indefiniteness arguments on Rule 12(c) motion for judgment on the pleadings); *Intellect Wireless, Inc. v. Kyocera Commc'ns, Inc.*, No. 8-cv-01350, 2009 WL 3259996, at *3 (N.D. Ill. Oct. 8, 2009) (deciding indefiniteness arguments on partial summary judgment motion).

#### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, (dkt. 21), will be denied. An appropriate accompanying order will issue.

Entered this  31st  day of May, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE