IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

GEBO CERMEX USA, INC.,
GEBO CERMEX CANADA INC., and
GEBO PACKAGING SOLUTIONS
FRANCE S.A.S.,

        *Plaintiffs*,

v.

ALLIANCE INDUSTRIAL
CORPORATION,

        *Defendant*.

Case No. 18-cv-00080-NKM

JUDGE NORMAN K. MOON

## DEFENDANT'S REPLY CLAIM CONSTRUCTION BRIEF

Defendant Alliance Industrial Corporation ("Alliance") respectfully submits this reply claim construction brief.

## I.    INTRODUCTION

Gebo's claim construction brief confirms that its proposed construction of the term "variable accumulation conveying speed" is meant to cover a single-speed conveyor. The Court should reject Gebo's attempt to broaden the claims and render the term "variable" meaningless. If the term "variable" could encompass any mechanical device with a single speed, that word would have no meaning. The Federal Circuit has repeatedly rejected claim constructions that render a claim term meaningless.

The Court should adopt Alliance's proposed construction, which is intended to cover a conveyor that is truly variable, e.g., one that can be set at 25 feet per minute or 50 feet per minute. The term "variable speed" was not meant to cover a single-speed conveyor by virtue of the fact that it must accelerate from zero feet per minute through an infinite number of speeds to

achieve its single, set speed.

## II. ARGUMENT: "VARIABLE ACCUMULATION CONVEYING SPEED"

| Claim Term | Gebo's Proposed Construction | Alliance's Proposed Construction |
|---|---|---|
| "variable accumulation conveying speed" | "An operational speed that is capable of adjustment." | "An accumulation conveying speed that varies in speed does so to control the flow of containers to eliminate container jams and optimize the effectiveness of the accumulation table after the accumulation conveyor has been activated and is running." |

### A. Alliance's Position in This Case and the IPR Are the Same

Gebo is incorrect in arguing that Alliance's claim construction position in this case is inconsistent with the IPR. (*See* ECF #58, Gebo Br. at 10-14.) Alliance's positions cannot possibly be inconsistent because its proposed claim construction in this case is copied word-for-word from the IPR petition. (ECF #51-1, IPR Petition at 11.)

Below is an excerpt from the IPR petition, setting forth Alliance's (and ACMI's) proposed construction:

> Petition for *Inter Partes* Review of U.S. Pat. No. 6,168,005
>
> 2. "a variable accumulation conveying speed"
>
> This term appears in independent claim 1 of the subject claims in the 005 Patent. (Ex. 1001, col. 7, line 41). Under *Phillips*, this term means ==an accumulation conveying speed that varies in speed does so to control the flow of containers to eliminate container jams and optimize the effectiveness of the accumulation table after the accumulation conveyor has been activated and is running==." (Ex. 1007, ¶ 34).

(*Id.* (highlighting added).) This proposed construction is identical to the one Alliance proposes in this case.

And just as it did in the IPR, Alliance is advocating for a construction that excludes a single-speed conveyor. The fact that a single-speed conveyor will necessarily have an infinite number of different speeds as it accelerates from being stopped (i.e., zero feet per minute) to its set speed (such as 50 feet per minute) does not transform it into a variable-speed conveyor.

Alliance's position in both proceedings is the same.

**B.    Alliance Does Not Argue Non-Infringement Based On the "Variable" Term**

Gebo is also incorrect to suggest that Alliance's claim construction position in this case is driven by an "alleged non-infringement position." (ECF #58, Gebo Br. at 11.) Alliance has not argued non-infringement based on this term, and does not plan to do so regardless of the outcome of this dispute.

Nor was there anything nefarious about the timeline of Alliance's claim construction positions regarding this term. As Gebo notes in its brief, Alliance argued in its motion to dismiss

briefing at the outset of this case that claim construction was not necessary to resolve that invalidity dispute. (ECF #33, Alliance Br. re Mot. to Dismiss at 3-5.) Consistently, on the first date of the Court's claim construction schedule (*see* ECF #37, September 12, 2019, "Exchange of Proposed Terms for Claim Construction or Notice That No Claim Construction is Necessary"), Alliance indicated that no terms require construction. (*See* ECF #58-3.)

For its side, Gebo indicated that the "variable" term requires construction. Because Gebo's proposed construction is too broad in that it seeks to encompass a single-speed conveyor, Alliance proposed a competing construction.

Therefore, Alliance's proposed construction was prompted by Gebo's overreaching and incorrect proposal, not to foster a non-infringement argument that will benefit Alliance.

### C. The Term "Variable" Cannot Encompass a Single-Speed Conveyor

Gebo's proposed construction and arguments regarding the term "variable" are contrary to the plain and ordinary meaning of the term because Gebo seeks to encompass a single-speed conveyor with its construction. Accepting Gebo's position would render the term "variable" meaningless. *See Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1372, (Fed. Cir. 2002) (rejecting the patent owner's proposed construction for "internal reflecting surface" because "no surfaces would be excluded and the term 'reflective' would be meaningless.").

In essence, Gebo argues that a single-speed conveyor (such as a conveyor that only runs at 50 feet per minute) can have a variable speed by virtue of the fact that it must accelerate from zero feet per minute to achieve its single speed of 50 feet per minute. (*See* ECF #58, Gebo Br. at 17-18.) Accepting Gebo's argument would mean that any mechanical device having a single speed would be considered "variable." The Federal Circuit has rejected this type of overbroad construction. *See, e.g., Curtiss-Wright Flow Control Corp. v. Velan, Inc.*, 438 F.3d 1374, 1379 (Fed. Cir. 2006). In *Curtiss-Wright*, the court reversed the district court's construction of

4

"adjustable" because it would have encompassed <u>any</u> mechanical device and would render the term meaningless:

> the district court's construction of 'adjustable' **renders that limitation nearly meaningless. This court finds it difficult, if not impossible, to imagine any mechanical device that is not 'adjustable,' under the ordinary meaning of that term adopted by the district court**. Almost any mechanical device undergoes change (for instance, when dismantled to replace worn parts) when no consideration is given to the 'time, place, manner, or means of adjustment.'

*Id.* (emphasis added).

Gebo's position suffers from this same defect. This can be illustrated by considering any mechanical device that has a speed, such as a ceiling fan. A ceiling fan with a single speed does not achieve that single speed immediately after it is turned on. Instead, it accelerates through an infinite number of speeds until it achieves its set speed. Similarly, it decelerates (for quite some time) from its set speed to zero movement.

As Gebo acknowledges in its brief, a conveyor operates in the same manner. (*See* ECF #58, Gebo Br. at 17-18.) It may have a single speed (such as 50 feet per minute), but must accelerate from zero feet per minute upon activation to achieve that speed. (*Id.*)

The term "variable speed" in claim 1 of the '005 patent was not meant to encompass a conveyor with a single speed. Instead, it was meant to encompass a conveyor with multiple speeds, such as 25 feet per minute, 50 feet per minute, and 75 feet per minute. The specification confirms this because it states that the speed of the conveyors may be adjusted to account for the state of the production line: "The motors 44 and 48 are controlled by an electronic circuit (not shown) that may independently adjust the feed conveying speed and the accumulation conveying speed according to the state of the production line." (ECF #1-1, Compl. Ex. A, '005 patent, 3:9-12.)

There is nothing in the specification to indicate that the term "variable" was meant to encompass the transition from a stop (zero feet per minute) to a single, set speed. Indeed, the terms "acceleration" and "deceleration" do not appear in the entire patent. (*See generally id.*)

The Court should reject Gebo's proposed construction because it would improperly encompass a single-speed conveyor.

### D. Gebo's Position Is Internally Inconsistent

The defect in Gebo's position is further illustrated by Gebo's attempt to slice and dice the types of conveyors that should and should not be covered by the term.

According to Gebo, the term should cover a conveyor with a single speed that has a "controlled acceleration" and a "controlled deceleration." (*See* ECF #58, Gebo Br. at 17-18.) As a preliminary matter, the patent does not explain or even mention these terms, and Gebo submits no extrinsic evidence explaining these concepts, such as scientific literature or expert testimony. Moreover, Gebo cites no evidence (intrinsic or extrinsic) supporting its position that a single-speed conveyor that has "controlled acceleration/deceleration" should be covered by the term "variable speed."

In addition to the lack of evidentiary support for Gebo's position, it is internally inconsistent. Gebo's argument that a single-speed conveyor with "controlled acceleration/deceleration" should be covered by the term conflicts with Gebo's argument in footnote six that a conveyor with a "binary electric motor system" should not be covered by the term. (*See* ECF #58, Gebo Br. at 18, n.6.) Gebo justifies this distinction by arguing that a conveyor with a "binary electric motor system" has a very short acceleration (less than one tenth of a second). (*Id.*)

There are a number of problems with Gebo's reliance on acceleration/deceleration. First, Gebo again fails to cite any evidence supporting its description and acceleration time of a

6

"binary electric motor system." (*Id.*)  But even more problematic is the arbitrary distinction Gebo is making.  According to Gebo, a single-speed conveyor with an acceleration time of less than one tenth of a second <u>should not be</u> covered by the term, but a single-speed conveyor with a "controlled acceleration" of an unstated time <u>should be</u> covered.

There is simply no support in the patent or the file history for Gebo's arbitrary distinction.

## III.    CONCLUSION

For the foregoing reasons, Alliance respectfully requests that the Court adopt its proposed claim construction.

DATED:       December 19, 2019

Respectfully submitted,
ALLIANCE INDUSTRIAL
CORPORATION

By Counsel

*/s/ Glenn W. Pulley*
Glenn W. Pulley (VSB No. 15677)
Amanda M. Morgan (VSB No. 70210)
Gentry Locke
801 Main Street, 11th floor (24504)
P. O. Box 6218
Lynchburg, VA 24505
Telephone:   434.455.9940
Facsimile:   540.983.9400
pulley@gentrylocke.com
morgan@gentrylocke.com

Kimberly K. Dodd (WSB No. 1044498)
        (*pro hac vice*)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Office:  414.319.7345
Cell:  916.833.6404
kdodd@foley.com

*Counsel for Defendant Alliance Industrial Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

*/s/ Glenn W. Pulley*